IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES Of AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CV 8-1460 |
| | ) | CR 7-32 |
| JOSHUA LENARZ | ) | |

## OPINION AND ORDER OF COURT

### SYNOPSIS

In this criminal action, on October 19, 2007, Defendant pleaded guilty to violating 21 U.S.C. § 846, and was later sentenced to eighty-seven months of incarceration, followed by a period of supervised release. Now before the Court is Defendant's Motion for habeas corpus relief pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. In particular, Defendant contends that counsel failed to file a requested appeal, that the Government breached a plea agreement by failing to file a 5.K1 Motion, that counsel failed to apprise Defendant about the Government's burden of proof, and failed to adequately deal with the stipulated amount of drugs involved in the offense. In response, the Government contends that Defendant waived his right to mount a collateral attack.

For the following reasons, I agree with the Government, and Defendant's Motion will be denied.

### OPINION

### I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the

motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 93 Fed. Appx. 402, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

I first address the Government's contention that Defendant has waived the right to file this Motion. Defendant and his counsel signed a plea agreeement that contained the following language:

> [Defendant]....waives the right to file a motion to vacate sentence, under 28 U.S.C. 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.[1]

Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver itself, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United

---

[1] Defendant similarly waived the right to file a direct appeal from his conviction or sentence.

States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

Presently, Defendant does not make any substantive claim that relates to the negotiation of the waiver at issue; nor does he aver that the waiver of collateral attack rights in particular was in any way involuntary or unknowing.[2] Therefore, I cannot invalidate the waiver on those grounds.

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of justice." Khattak, 273 F.3d at 558. In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563. As a related matter, "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. united States, 2008 U.S. Dist. LEXIS 31295 (D. Del. Apr. 16, 2008).

Defendant has failed to establish that the waiver should be invalidated under Khattak. In the first instance, Defendant acquiesced fully in the result of each alleged error. At the plea hearing, the Court stated that the Government would bear the burden of proving each the elements of the crime, which the Court explained and listed on the record – including that Defendant conspired with others, and the amount of drugs involved. Defendant stated, under oath and on the record, that he understood the required proof.

---

[2] In any event, as discussed further infra, the face of the plea agreement as well as the change-of-plea colloquy demonstrate that the plea was entered knowingly and voluntarily.

Also at the hearing, the government read the terms of the plea agreement into the record, including the waiver of the right to file a 2255 Motion. Although counsel for the Government stated that the Government would agree to file a substantial assistance Motion, the plea agreement makes clear that whether such a Motion will be filed is discretionary with the Government. Additionally, counsel stated at the hearing that the effect of any such Motion on sentencing, if any, is discretionary with the Court. Defendant stated that he heard the terms, and agreed that they correctly described his agreement with the Government. He further acknowledged that he had sufficient opportunity to consult with counsel, and was satisfied with counsel's performance. Under such circumstances, a waiver may be upheld. See, e.g., United States v. Price, No. 06-4503, 2009 U.S. App. LEXIS 4128 (3d Cir. Mar. 3, 2009). In this case, the record in its entirety demonstrates that the waiver was knowing and voluntary.

Additionally, a nonexistent or questionable error cannot be of sufficient gravity, character, or impact to count in favor of quashing a waiver. Defendant's plea agreement explicitly states a waiver of appeal rights; counsel, therefore, cannot have erred in failing to file an appeal. With respect to the amount of drugs involved, the Government made known its intention to offer proof that Defendant's fingerprint was found on the inside of a package containing 472.98 grams of methamphetamine. A stipulation to drug amount, under these circumstances, cannot qualify as a significant error. Similarly, failure to file a Motion that was, expressly and by written agreement, left to prosecutorial discretion cannot constitute breach of the plea agreement. See United States v. Torres, 159 Fed. Appx. 380, 381-82 (3d Cir. 2005).

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."

For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, I will deny Defendant's Motion, because he has waived his right to a collateral attack. Moreover, a certificate of appealability will not issue. An appropriate Order follows.

## ORDER

AND NOW, this 9th day of March, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate (Docket No. [73]) is DENIED. No certificate of appealability shall issue. This case shall be marked closed forthwith.

BY THE COURT:

s/Donetta W. Ambrose

Donetta W. Ambrose,

Chief U. S. District Judge